IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DONOVAN EDWARDS, et al().         :     CIVIL ACTION
                                  :
          v.                      :
                                  :
CITY OF EASTON, et al.            :     NO. 08-cv-1524-JF

MEMORANDUM

Fullam, Sr. J.                                    September 10, 2009

    Plaintiff, a *pro se* litigant, has sued various defendants that were involved in his 2006 arrest and detention for criminal trespass and criminal mischief.  One defendant has filed an answer, and the rest have submitted motions to dismiss.  Because Plaintiff is proceeding *pro se*, his complaint will be generously interpreted.

    In 2002, Plaintiff leased commercial space in Easton, PA for his company, Value in Partnership Development Company, LLC (VIPDC).  Over the next several years, Plaintiff ran a shipping business on the premises and also prepared to open a gift shop there.  During that time, Plaintiff developed animosity with his neighbor, Defendant Gary Ringhoff; in early March 2006, Plaintiff called the police to settle their dispute over parking-spaces behind the store.  For reasons that are unclear at present, Easton's Code Enforcement Office issued a "use prohibited" notice on March 10, 2006, requiring Plaintiff to vacate his building

within 48 hours. One week later, Mr. Ringhoff allegedly called the police and reported a burglary at Plaintiff's premises.

Officer Herncane, an Easton police officer, responded to the call and found Plaintiff in the building's parking lot. Plaintiff allegedly provided Officer Herncane with documentation that established his right to be there and showed his ongoing dispute with Mr. Ringhoff. Around that time, both Mr. Ringhoff and Defendant's landlord, Ms. Rachel Haddad, arrived. They told the police that Plaintiff was no longer a tenant at the building and that Plaintiff had broken into it. Officer Herncane then placed Plaintiff under arrest. It appears that another Police Officer, John Zielinski, was also present for some or all of these events. Officer Zielinski is named as a defendant in Plaintiff's complaint, but Plaintiff has not perfected service on him.

After the arrest, Plaintiff was held on $10,000 bail, and he attended a preliminary hearing in May 2006. At the hearing, Defendants Haddad, Ringhoff, and Officer Zielinski testified to the facts in the police report. Plaintiff asserts that Haddad and Ringhoff gave false testimony, and that Officer Zielinski "deliberately failed to present exculpatory evidence" of the various documents that Plaintiff showed Officer Herncane. Approximately seven months later, the Northampton County District Attorney entered a *nolle prosequi* in Plaintiff's case, citing

insufficient evidence and the victim's refusal to testify. Plaintiff was released, and he filed his complaint in March 2008.

As an initial matter, Plaintiff cannot proceed on behalf of his company, VIPDC. A corporation can only litigate its rights through a licensed attorney; it cannot represent itself *pro se* or through one of its officers. Simbraw, Inc. v. U.S., 367 F.2d 373, 373 (3d Cir. 1966); Curbison v. U.S. Gov't of New Jersey, 242 Fed. Appx. 806, 808-09 (3d Cir. 2007). To the extent that Plaintiff asserts claims on behalf of VIPDC, they will be dismissed. If Plaintiff still wishes to pursue VIPDC's claims, then he may obtain counsel and file an amended complaint within 30 days of dismissal.

I. The City of Easton Defendants

The City of Easton and Police Officer Herncane ("City Defendants") have moved to dismiss all of Plaintiff's claims against them. For the reasons that follow, I will grant the City Defendants' motion in part and deny it in part.

A. Plaintiff's Probable Cause-based Claims

Both Plaintiff and the City Defendants acknowledge that Plaintiff's claims of false arrest, malicious prosecution, and abuse of process (Counts I, II, III, XIII, XIV, and XV) all hinge on the issue of whether the police lacked probable cause for Plaintiff's arrest. Probable cause requires a "fair probability" that a particular suspect committed the crime at issue. See

Wright v. City of Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005). This standard does not require police to correctly assess credibility or conflicting evidence at the scene, but it does require police to act only on evidence that is "reasonably trustworthy." Id. at 602-03.

Here, Plaintiff has sufficiently pleaded that the police lacked probable cause to arrest him. Plaintiff alleges that the officers wrongly relied on Mr. Ringhoff and Ms. Haddad because their statements were not reasonably trustworthy. Specifically, Plaintiff alleges that he provided a police report which showed Mr. Ringhoff's animosity toward him, and he provided a valid lease addendum, which showed his ongoing tenancy at the premises. Construing the complaint broadly, and accepting all of Plaintiff's factual allegations as true, he has met the lenient pleading standards of the Federal Rules.

Defendants also argue that Plaintiff's municipal liability claim (Count V) fails because he has not sufficiently alleged a constitutional violation. Because I rule that Plaintiff has adequately pleaded a lack of probable cause, he has also stated a valid claim for municipal liability. Plaintiff's complaint sufficiently alleges that his unlawful arrest was caused by a failure to train and supervise the officers.

The City Defendants challenge Plaintiff's conspiracy claims (Counts IV, XIX, and XX) on the grounds that Plaintiff 1) has not

4

alleged an underlying constitutional violation or underlying tort, 2) improperly alleges a § 1983 conspiracy with private citizens as the co-conspirators, and 3) has failed to include specific factual allegations to support a conspiracy.  I have already ruled that Plaintiff has sufficiently pleaded a lack of probable cause, and Defendants' remaining two arguments are unpersuasive.

For purposes of a § 1983 claim, a private citizen is considered a state actor if he acted together with or has obtained significant aid from state officials.  Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).  A private citizen does not become a state actor by merely providing information to a police officer, but if a police officer acts at the request of a private individual, then § 1983 liability may attach.  See Abbott v. Latshaw, 164 F.3d 141, 147–48 (3d Cir. 1998); Fisher v. Borough of Doylestown, No. 02-cv-4007, 2003 WL 22134790 at *3–4 (E.D. Pa. May 20, 2003) (Hutton, J.).

Plaintiff has not, as the City Defendants suggest, alleged that Mr. Ringhoff and Ms. Haddad merely supplied information to police as private citizens.  According to Plaintiff's allegations, Mr. Ringhoff summoned the police, and both he and Ms. Haddad conversed with the police just before his arrest.  On a broad reading of the complaint, Plaintiff has alleged that these individuals were substantially involved in and encouraged

or directed his arrest.  Plaintiff's allegations therefore suffice for purposes of § 1983.

I also conclude that Plaintiff has alleged sufficiently specific facts in support of his conspiracy claim.  Claims under § 1983 are not subject to any heightened pleading standard, but a plaintiff alleging a conspiracy must "plead with particularity the 'circumstances' of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged."  <u>Loftus v. Southeastern Pennsylvania Transp. Authority</u>, 843 F. Supp. 981, 986-87 (E.D. Pa. 1994) (Robreno, J.).  Plaintiff has met this burden by alleging that the City Defendants conspired to illegally arrest him, seize his property, and maliciously institute criminal proceedings.  Plaintiff further alleges that the object of the conspiracy was to "deny [Plaintiff] his constitutional rights," that the conspiracy occurred prior to his arrest and during his incarceration, and that the City Defendants acted in furtherance of the conspiracy by wrongfully arresting and prosecuting him.

B.  <u>Plaintiff's Unlawful Seizure and Due Process Claims</u>

Plaintiff's van was impounded immediately after his arrest, and he alleges that his Fourth and Fourteenth Amendment rights were violated as a result (Count VI).  The City Defendants offer no argument that Plaintiff's Fourth Amendment claim is legally

deficient; they argue only that Plaintiff has failed to state a claim for a Fourteenth Amendment violation.

In a § 1983 procedural due process claim, a court must consider whether a plaintiff's interest is protected by the Fourteenth Amendment, and whether the available procedures provided due process of law.  Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).  A plaintiff must take advantage of the processes that are available to him unless they are "patently inadequate;" he cannot skip that process to obtain relief in the federal courts.  Id.

Here, Defendants argue that Plaintiff has ignored an available remedy that would return his van to him.  Pennsylvania Rule of Criminal Procedure 588 allows a "person aggrieved by a search and seizure" to move for the return of property in the Court of Common Pleas.  Plaintiff has failed to state a valid claim for a Fourteenth Amendment violation because he has not alleged that this remedy is unavailable or inadequate.

Plaintiff also asserts that the City of Easton's Code Enforcement Office violated his procedural and substantive due process rights by issuing a "use prohibited" notice, which ordered him to vacate the premises, without providing a pre-deprivation hearing.  This claim appears to be lumped into Plaintiff's § 1983 abuse of process claim (Count III).

Plaintiff has sufficiently pleaded a procedural due process violation with respect to his "use restricted" notice. He asserts that the Office of Code Enforcement deprived him of his property, and he alleges that he was only informed of this deprivation 48 hours before it occurred. Plaintiff further alleges that he received his 48-hour notice on a Friday, which left him unable to contest it because the Code Office was closed over the weekend. Reading Plaintiff's complaint broadly, he has stated a valid claim because he alleges that the state provided *no* pre-deprivation process and that post-deprivation process was inadequate under the circumstances.

Plaintiff has not, however, stated a valid claim for a substantive due process violation, which requires that a state actor's affirmative conduct "shock the conscience." Dotzel v. Ashbridge, 306 Fed. Appx. 798, 800-01 (3d Cir. 2009). Plaintiff vaguely asserts, without any factual allegations, that the City Code Enforcement Office "conspired" with various other defendants. Even on a broad reading of the complaint, such conclusory statements do not state a valid claim.

### C. Qualified Immunity and Remaining Issues

In asserting qualified immunity, the City Defendants argue that, regardless of whether probable cause existed, a reasonable officer would have arrested Plaintiff just as Officer Herncane did. A court should decide issues of qualified immunity as early

as possible, but such a decision is premature if the reasonableness of an officer's conduct presents material factual issues. Phillips v. County of Allegheny, 515 F.3d 224, 242 n. 7 (3d Cir. 2008). Here, Plaintiff's complaint has alleged numerous facts challenging the reasonableness of the police conduct during his arrest; it would be improper to decide the issue of qualified immunity this early in the litigation.

Plaintiff's other claims against the City Defendants assert violations of state law (Counts XIII, XIV, XV, XIX, and XX). Defendants argue that these claims are barred by the Pennsylvania Political Subdivision Tort Claims Act (PSTCA), which, with a few exceptions, exempts local agencies from civil liability. 42 Pa. C.S.A. §§ 8541, 8542. The PSTCA also provides immunity for municipal employees who act within the scope of their employment. 42 Pa. C.S.A. § 8545.

An exception to the PSTCA allows suits against municipal employees, solely in their individual capacities, for willful or malicious conduct. See § 8550; Udujih v. City of Philadelphia, 513 F. Supp. 2d 350, 357-58 (E.D. Pa. 2007) (Pollak, J.); Cooper v. City of Chester, 810 F. Supp. 618, 626 n. 8 (E.D. Pa. 1992) (Giles, J.). Plaintiff has alleged willful infringement on his constitutional rights, so I will dismiss his state-law claims only to the extent that Plaintiff asserts them against the City

of Easton itself and the other City Defendants in their official capacities.

## II.  Northampton County Defendants

The Northampton Defendants comprise Northampton County, its District Attorney's Office (including D.A. John Morganelli), and its Pre-trial Services Office (including employee Arky Colon).  I conclude that Plaintiff has failed to state a valid claim against the District Attorney and the Pre-trial Services Defendants, but he has stated a valid claim for a constitutional violation at the Northampton County Prison.

### A.  District Attorney's Office and John Morganelli

Plaintiff asserts that the District Attorney's Office and D.A. John Morganelli are liable for malicious prosecution, abuse/misuse of process, conspiracy, and intentional infliction of emotional distress (Counts II, III, IV, IX, XIII, XIV, XVI, XIX, XX).  Specifically, Plaintiff has founded all of these claims on allegations that he was prosecuted in the absence of probable cause and denied a speedy trial.  These claims will be dismissed.

Prosecutors enjoy absolute immunity from suit when they are carrying out prosecutorial—and not administrative or investigative—functions.  "The decision to initiate a prosecution is at the core of a prosecutor's judicial role.  A prosecutor is absolutely immune when making this decision, even

10

where he acts without a good faith belief that any wrongdoing has occurred." Kulwicki v. Dawson, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (internal citations omitted).  In addition, a prosecutor's alleged failure to properly investigate before initiating a prosecution is within the scope of absolute immunity. Schrob v. Catterson, 948 F.2d 1402, 1410-11 (3d Cir. 1991).  Although Plaintiff vaguely argues that he has alleged some sort of impropriety with respect to the District Attorney's administrative handling of his case, Plaintiff has offered no factual allegations in support of this theory.  Plaintiff's claims against the District Attorney's Office and Defendant Morganelli therefore fail.

Plaintiff also claims that the Northampton Defendants violated his Sixth Amendment right to a speedy trial when they did not, as required by Pa. R. Crim. P. 600, try him within 180 days of the criminal complaint.  I readily conclude, as others have, that trial-scheduling is closely associated with the judicial phase of the criminal process and, thus, entitles prosecutors to absolute immunity on the issue. See Harrison v. Abraham, No. 96-cv-4626, 1997 WL 256970 at *19 (E.D. Pa. 1997) (Newcomer, J.); Slaughter v. City of Philadelphia, No. 94-cv-2329, 1995 WL 12060 at *4 (E.D. Pa. Jan. 12, 1995) (Waldman, J.); Brightwell v. Marino, No. 92-cv-2649, 1992 WL 122853 at *1 (E.D. Pa. May 26, 1992) (Shapiro, J.).  As a result, Plaintiff cannot

assert his Sixth Amendment speedy-trial claim against the District Attorney's Office or D.A. Morganelli.  The claim will be dismissed.

### B.  Pre-trial Services and Arky Colon

Plaintiff asserts that Northampton County Pre-trial Services, through its employee Arky Colon, violated his Eighth Amendment right to reasonable bail (Count VII).  Although Plaintiff's bail was set by a magisterial district judge, Plaintiff alleges that Mr. Colon should have released him pursuant to Pennsylvania Rule of Criminal Procedure 600, which requires release on nominal bail upon a pre-trial detainee's petition after 180 days of incarceration.

As a "bail agency," Northampton County Pre-trial Services is authorized by Pa. R. Crim. P. 530 to "monitor and assist defendants released on bail."  Rule 530 allows the office to "gather[] information about defendants relevant to bail decisions," and "mak[e] recommendations to the bail authorities concerning the types of release and conditions of release on bail for individual defendants."  Nothing in the rule states that a bail agency may alter a judge's established bail or order release for pre-trial detainees after 180 days of incarceration.  I also note that Pa. R. Crim. P. 529 explicitly authorizes certain individuals to modify a bail order after the preliminary hearing.  Under Rule 529, a court of common pleas judge may modify bail,

but the rule does not mention anything about a bail agency like Pre-trial Services. Without an allegation that Pre-trial Services was authorized to act on a Rule 600(E) petition, Plaintiff cannot establish that the office or its employees violated his constitutional right to be free from excessive bail. The claim will therefore be dismissed.

### C. Northampton County Prison

Plaintiff alleges that, as a pre-trial detainee at Northampton County Prison, he was subject to punishment in violation of his Fourteenth Amendment rights (Count VIII). Specifically, Plaintiff alleges that he spent the "majority of the period of his pre-trial detention" confined to his cell, usually for 23 or 24 hours a day. Defendant argues that Plaintiff's confinement was merely part of ensuring security at the facility, and that Plaintiff's allegations do not amount to a valid claim.

I readily conclude that Plaintiff has stated a valid claim for a due process violation under the Fourteenth Amendment. The Fourteenth Amendment's due process protections apply to pre-trial detainees, and I must consider whether Plaintiff's conditions of incarceration serve a legitimate purpose and whether they are reasonably related to their assigned purposes. See Hubbard v. Taylor, 399 F.3d 150, 159–60 (3d Cir. 2005). In determining whether confinement conditions are reasonably related to their

purposes, I consider whether the conditions impose a hardship over an extended period of time such that they become excessive. Id. Even assuming that Plaintiff's lockdown served the legitimate purpose of institutional security, he has alleged harsh conditions of nearly continuous lockdown for roughly nine months. By challenging the reasonableness of his confinement, Plaintiff has certainly stated a valid claim on this count.

III. Rachel Haddad

Finally, Plaintiff's former landlord, Defendant Rachel Haddad, has submitted a partial motion to dismiss. She argues that Plaintiff's § 1983 claims against her fail because she is a private citizen. As I ruled with respect to the City Defendants, Plaintiff has alleged sufficient facts to establish § 1983 liability for Ms. Haddad's conduct. I will therefore deny the motion.

IV. Leave to Amend the Complaint

I will grant leave for Plaintiff to amend his complaint and correct its deficiencies if the facts allow. In addition, I note that the twenty counts in Plaintiff's current complaint do not clearly identify which defendants are subject to each claim. If Plaintiff chooses to file an amended complaint, he is directed to specify the defendants against whom he asserts each individual count.

An appropriate order will be entered.